E-FILED
Friday, 01 June, 2012  11:56:57 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| ROY FLUKER,                                    ) | |
| )  | |
| Plaintiff,           ) | |
| v.                                    ) | |
| )  | Case No.  11-2254 |
| COUNTY OF KANKAKEE and       ) | |
| KANKAKEE COUNTY SHERIFF'S  ) | |
| OFFICE,                                   ) | |
| )  | |
| Defendants.        ) | |

# REPORT & RECOMMENDATION

In October 2011, Defendants County of Kankakee (hereinafter "the County") and the Kankakee County Sheriff's Office (hereinafter "the Sheriff's Office") filed a Notice of Removal (#1), bringing this case to this Court from the Twenty-First Circuit Court of Illinois. Plaintiffs Roy Fluker and Debra Fluker later filed a First Amended Complaint at Law (#26). Plaintiff Roy Fluker brings the following claims against both Defendants: Count I for willful and wanton conduct, and Count II for violation of his Eighth Amendment rights under § 1983. Plaintiff Debra Fluker brings two additional claims against both Defendants: Count III for loss of consortium pursuant to state law, and Count IV for loss of consortium pursuant to § 1983. Subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

In March 2012, Defendant Kankakee County filed Defendant Kankakee County's Motion to Dismiss Plaintiffs' First Amended Complaint (#29). At the same time, both Defendants filed Defendants' Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint (#31). Plaintiffs have filed a memorandum in response to each motion. (#37, #38). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Kankakee County's Motion to Dismiss Plaintiffs' First Amended Complaint **(#29)** be **DENIED**. The Court further recommends that Defendants' Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint **(#31)** be **GRANTED**.

# I. Background

The following background is taken from Plaintiffs' First Amended Complaint at Law (#26).

At all relevant times, Plaintiff Roy Fluker was a federal detainee under the custody of the United States Marshal. He was housed at the Jerome Combs Detention Center, otherwise known as the Kankakee County Jail. He was incarcerated there pursuant to an agreement between the United States Marshal's Service, the County of Kankakee, and the Kankakee County Sheriff's Office. Plaintiff Debra Fluker is married to Plaintiff Roy Fluker. She was not involved in the incident giving rise to this litigation, but she is a plaintiff in this case for the purpose of litigating her loss of consortium claims.

On June 14, 2011, Plaintiff was in an accident while under the custody and care of the Defendants. Throughout the complaint, Plaintiffs indicate that they do not know whether the individual officers involved in the incident were employed by the County or by the Sheriff's Office.

Plaintiff Roy Fluker alleges that two officers, employed by either the County or the Sheriff's Office, drove him to a doctor's appointment. During this transport, he was placed in a service van with his hands cuffed in front of him and shackled to his feet, limiting his movement. The officers transporting Plaintiff did not secure him with a seat belt. A second inmate was also in the van, and he also was not secured with a seat belt.

On the way back to Jerome Combs Detention Center from the doctor's appointment, the officer driving the van made a sudden stop. Plaintiff catapulted forward, hit his head into a steel cage, and got his head caught between the steel cage and the cab of the van. Plaintiff alleges that this impact broke his neck, and he also sustained a severe cut to his head from which he bled profusely. The other inmate yelled to alert the two officers that Plaintiff was injured, and Plaintiff screamed for them to stop, but the officers did not stop the van.

Fifteen minutes later, they arrived at the Jerome Combs Detention Center. For another fifteen minutes, various supervisors came to assess the situation, but none of them rendered any medical assistance to Plaintiff. Again, Plaintiffs do not specify in their complaint the identity of these supervisors, or by which defendant these supervisors were employed.

After another five minutes, the officers grabbed Plaintiff by his feet and pulled him from the van. They did not remove his head from its trapped position or secure his neck prior to pulling him by his feet. This caused Plaintiff great pain and exacerbated his injuries. The officers then placed Plaintiff on a gurney. They left him there for another fifteen minutes, without rendering any medical assistance.

Finally, Plaintiff was transported to Provena St. Mary's Hospital, where a CT scan revealed multiple fractures in his neck. He was transferred to Riverside Medical Center, where he underwent a cervical spine fusion surgery.

## II. Standard

Defendants' motions to dismiss seek dismissal under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is appropriate only if a plaintiff cannot demonstrate that he is plausibly entitled to relief under the facts he has alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

### III.  Discussion

The Court will address both of the pending motions to dismiss in separate discussions.

*Part I:  Defendant Kanakee County's Motion to Dismiss Plaintiffs' First Amended Complaint*

Defendant County of Kankakee brings a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The County argues that it is not a proper party in litigation. The County cites case law in support of the proposition that the County and the Sheriff's Office are legally distinct entities under Illinois law, and the County cannot be held vicariously liable for the acts or omissions of the Sheriff's Office. Defendant relies on *Moy v. Cnty. of Cook*, 159 Ill.2d 519 (Ill. 1994). The County further argues that, if Plaintiffs seek to recover under any theory of vicarious liability, Plaintiffs are not plausibly entitled to recovery for such a claim. The County adds: "Although the County is entitled to dismissal, the County can remain a Defendant in the case for indemnification purposes only since it will fund any judgment or settlement involving the Sheriff's Office." (#29, p. 2) (citations omitted).

Plaintiffs respond that their claims should not be dismissed against the County because they have alleged that, throughout the incident, Mr. Fluker was under the care, custody, and control of the County of Kankakee and the Sheriff's Office. Plaintiffs further argue that they have alleged specific duties against the County of Kankakee that are separate and distinct from

4

the duties of the Sheriff's Office. Last, Plaintiffs argue that the County is a necessary party, citing *Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947 (7th Cir. 2003).

In its motion to dismiss, Defendant relies exclusively on *Moy v. County of Cook*, 159 Ill.2d 519 (Ill. 1994) . In *Moy*, a survivor of a deceased county jail inmate brought suit against the county for providing inadequate medical care. The trial court granted the county's motion to dismiss. The issue before the Illinois Supreme Court was whether the county may be vicariously liable under the doctrine of *respondeat superior* for the alleged negligent conduct of the county sheriff. The Illinois Supreme Court held that the county may not be held vicariously liable for the sheriff's alleged negligent conduct, and affirmed the dismissal of the suit.

The Court notes that Defendant's reliance on *Moy* is misplaced. Most significantly, Plaintiffs do not allege that the County is liable vicariously based on the negligence of the Sheriff's Office. Rather, Plaintiffs repeatedly allege that the County is liable because the officers who transported Mr. Fluker and removed him from the van, as well as the supervisors who did not render medical assistance to him once he arrived at the jail, may have been agents or employees of the County. In this way, Plaintiffs have alleged that the County itself acted willfully and wantonly, and violated Mr. Fluker's Eighth Amendment rights. Plaintiffs' case may therefore be factually distinguished from *Moy*, to the extent that Plaintiffs allege the County's employees directly participated in the decisions and actions that led to Plaintiffs' injuries.

At this stage, the County's motion to dismiss should be denied unless Plaintiff cannot demonstrate that they are plausibly entitled to relief under the facts they have alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). Drawing all reasonable inferences in their favor, this Court finds that, assuming Plaintiffs' allegations are true, they have stated a theory under which the County is a proper party in this case. By extension, the Court finds that Plaintiffs have stated a plausible claim against the County for relief.

5

Beyond this factual distinction, there is an additional basis for denying the County's motion to dismiss. As the Seventh Circuit has recognized, a county's liability for actions of a sheriff's office has long been a complicated issue in the State of Illinois:

> Sheriffs, treasurers, clerks of court, and several other officers within Illinois counties are elected directly by the people and establish their own policies, but they lack authority to levy taxes or establish their own budgets. This leads the independently-elected officers to contend that the counties must pay; but the counties, which are unable to control the conduct of the officers, insist that they cannot be held liable because an official-capacity judgment runs against the *office* and not against an 'employee' of the county. The law of Illinois does not provide a clean solution to this conflict, in which each insists that the other must pay.

*Carver v. Sheriff of La Salle Cnty.*, 243 F.3d 379, 381 (7th Cir. 2001).

Recognizing this dilemma, the Seventh Circuit certified this question concerning liability to the Illinois Supreme Court. The Illinois Supreme Court addressed the issue in *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497 (2003). The court held that a sheriff, in his official capacity, has the authority to settle claims brought against the sheriff's office. *Id.* at 499. However, because the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity. *Id*.

When the *Carver* case came back to the Seventh Circuit, the Seventh Circuit, relying on the holding of the Illinois Supreme Court on this issue, determined as follows:

> [A] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assesssor, clerk of court, and so on) in an official capacity. See FED.R.CIV.P. 17, 19. Because state law requires the county to pay, federal law deems it an indispensable party to the litigation.

*Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003).

As such, this Court concludes that, not only is the County a proper party in this litigation, it is a necessary and indispensable party. In addition to bringing suit directly against the County,

6

Plaintiffs have brought suit against the Sheriff's Office. Because Illinois law would require the County to pay any judgment against the Sheriff's Office, federal law deems the County an indispensable party.

*Part II: Defendants' Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint*

Defendants bring a motion to dismiss Count IV of Plaintiffs' Amended Complaint. In Count IV, Plaintiff Debra Fluker brings a claim for loss of consortium pursuant to §1983 against Defendants.

First, Defendants argue that Plaintiff's claim for loss of consortium is implausible given the circumstances of this case. Defendants note that, several months after Mr. Fluker was injured, he was sentenced to fifteen years in federal prison, and that conjugal visits are not allowed. Plaintiffs respond that this argument depends on facts that are not presented in the complaint, and therefore cannot constitute a basis of dismissal. When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court therefore agrees with Plaintiffs that the Court cannot consider the effect of Mr. Fluker's incarceration on Mrs. Fluker's loss of consortium claim at this stage in litigation.

Second, Defendants argue that § 1983 does not create a cause of action based on a loss of consortium theory for spouses to recover for their derivative losses. Plaintiffs respond that Mrs. Fluker's claim for loss of consortium is actionable under § 1983.

Plaintiffs and Defendants each cite a number of cases to support their respective positions. This court is most persuaded by the discussion in *Neihus v. Liberio*, 973 F.2d 526 (7th Cir. 1992), as this case directly concerns the issue of whether a spouse can bring a loss of consortium claim under § 1983. In *Neihus*, the Seventh Circuit explicitly declined to determine whether a spouse can recover damages under the constitution for loss of consortium, but implied that such a recovery should not be permitted. Referring to *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984), the Court in *Niehus* noted: "This extension of *Bell* to consortium is neat

7

and logical but not convincing. Concerned to keep section 1983 from swallowing the whole of the states' law of public-officer torts, the courts have confined 'liberty' to the core of personhood." *Neihus*, 973 F.2d at 533. After *Neihus* was decided, *Bell* was explicitly overruled by the Seventh Circuit in *Russ*, where the court stated: "We therefore overrule our decision in *Bell* insofar as it recognized a constitutional right to recover for the loss of companionship of an adult child when that relationship is terminated as an incidental result of state action." *Russ v. Watts*, 414 F.3d 783, 791 (7th Cir. 2005).

From this discussion, the Court concludes that the Seventh Circuit has not endorsed the validity of a spouse's loss of consortium claims brought under § 1983, and the trend in case law has been to limit the constitutional rights of incidentally damaged family members to recover for loss of consortium under § 1983. The Court therefore recommends that Defendants' Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint (#31) be granted.

### IV. Summary

For the reasons stated above, this Court recommends that Defendant Kankakee County's Motion to Dismiss Plaintiffs' First Amended Complaint **(#29)** be **DENIED**. The Court further recommends that Defendants' Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint **(#31)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 1st day of June, 2012.

                                                          s/DAVID G. BERNTHAL
                                        UNITED STATES MAGISTRATE JUDGE