# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **ROY FLUKER and DEBRA FLUKER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 11-CV-2254 |
| **COUNTY OF KANKAKEE and** ) | |
| **KANKAKEE COUNTY SHERIFF'S** ) | |
| **OFFICE,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

On June 1, 2012, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#41) in this case. Judge Bernthal recommended that Defendant Kankakee County's Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint (#29) be denied because the Plaintiffs brought suit directly against Kankakee County and, therefore, Kankakee County is a necessary and an indispensable party in this litigation. Judge Bernthal also recommended that Defendants' Rule 12(b)(6) Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint (#31) be granted because the Seventh Circuit has not endorsed the validity of a spouse's loss of consortium claim brought under section 1983.

On June 18, 2012, Defendant filed an Objection (#43) to Judge Bernthal's recommendation that its Motion to Dismiss Plaintiffs' First Amended Complaint (#29) be denied. Defendant argued that this court should reject this recommendation because Kankakee County and the Kankakee County Sheriff's Office are legally distinct entities under Illinois law and Plaintiffs' allegations that jail employees were "agents and employees"

of Kankakee County do not satisfy the "plausibility" standard outlined in Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009). On June 18, 2012, Plaintiffs also filed an Objection (#42) to Judge Bernthal's recommendation that Defendants' Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint (#31) be granted.[1] This court has carefully reviewed Judge Bernthal's Report and Recommendation (#41) and considered each of the arguments contained in Plaintiffs' and Defendant's Objections (#43, #42). Following this careful and thorough review, this court agrees with and accepts Judge Bernthal's Report and Recommendation (#41) in its entirety.

This court will briefly address Defendant's Objection (#43), which relies upon Moy v. County of Cook, 159 Ill.2d 519 (1994) and Thompson v. Duke, 882 F.2d 1180 (7th Cir. 1989). In Moy, the Illinois Supreme Court concluded that a county cannot be vicariously liable or liable under the doctrine of *respondeat superior* for injuries caused by correctional officers. Moy, 159 Ill. 2d at 529-30. This court agrees with Judge Bernthal that Defendant's reliance on Moy is misplaced. The Plaintiffs are not alleging that Kankakee County is vicariously liable for the actions of the Sheriff's Office. Instead, Plaintiffs allege that the Kankakee County is liable because the officers who transported Mr. Fluker may have been agents or employees of Kankakee County. Accordingly, Plaintiffs allege that Kankakee County employees directly participated in the actions that lead to Plaintiffs' injuries— therefore, their claims against Kankakee County are not based on the doctrine of *respondeat superior* and are thus not barred by Moy.

---

[1] Plaintiffs' Objection (#42) did not contain any argument, but simply was filed to preserve their ability to challenge the dismissal of Count IV on appeal.

In Thompson, the Seventh Circuit rejected the plaintiff's argument that Cook County should be liable for "failure to train" its employees. Thompson, 882 F.2d at 1187. The Seventh Circuit noted that the Cook County Jail and the Cook County Department of Corrections are under the supervision of the Sheriff of Cook County. Id. In finding that the Sheriff is an independently elected officer who does not answer to the Cook County Board of Commissioners, the Seventh Circuit concluded that the county cannot be held liable for policies and practices and actions that are unrelated to that entity. Id. Accordingly, Kankakee County argued that the it cannot be held liable for actions of the sheriffs because in Illinois, sheriffs are considered to be the wardens of county jails and are responsible for county operations, but are not considered county employees. Defendant's Motion to Dismiss should not be granted unless Plaintiffs are unable to demonstrate that they are plausibly entitled to relief under the facts they have alleged. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 546 (2007). Under Twombly, this court is required to draw all reasonable inferences in Plaintiffs' favor and assume that Plaintiffs' factual allegations are true. See id. at 555. At this stage, Plaintiffs have stated a theory under which Kankakee County is a proper party in this case. Therefore, Judge Bernthal was correct to find that the Defendant Kankakee County is a proper party in this case and that Plaintiffs have stated a plausible claim against Kankakee County.

IT IS THEREFORE ORDERED THAT:

(1) The Report & Recommendation (#41) is accepted by this court.

(2) Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint (#29) is DENIED.

(3) Defendants' Rule 12(b)(6) Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint (#31) is GRANTED.

ENTERED this 25th day of July, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE